S. LANE TUCKER
United States Attorney

MORGAN J. WALKER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: morgan.walker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JEROME ANTHONY STRINGFIELD, Defendant. | No. 3:22-cr-00031-SLG-MMS |

This document and its addenda set forth completely the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

**PLEA AGREEMENT**

**1. Summary of Agreement**

The defendant agrees to plead guilty to the following counts of the Indictment in this case: Count 1: Wildlife Trafficking Conspiracy, in violation of 18 U.S.C. § 371.

The parties agree that a sentence of 24 months of probation, including six months of home detention with a condition allowing work release, and a fine of $4,000.00, is an

appropriate disposition for this case, and intend to be bound by that recommendation.

The United States agrees not to criminally prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Indictment. Following imposition of sentence, the United States will move to dismiss the remaining counts.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

## 2. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(C) will control this plea agreement. Thus, the defendant may withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing. Moreover, as an express term of this agreement, the defendant agrees that the government may, at its sole discretion, withdraw from this agreement if the Court rejects the plea agreement. If the government so elects, any previously reduced or dismissed charges shall be automatically reinstated.

## 3. Charges, Elements, Penalties, and Other Matters Affecting Sentence

### 3.1. Charges of Conviction

The defendant agrees to plead guilty to the following counts of the Indictment:

Count 1: Wildlife Trafficking Conspiracy, a violation of 18 U.S.C. § 371.

### 3.2. Elements of the Charged Offenses

The elements of the offense charged in Count 1 are as follows:

1. Beginning on or about July 16, 2017, and ending on or about August 16, 2018, there was an agreement between two or more persons to import, from the Philippines into the United States, wildlife unlawfully purchased in violation of Philippines law, and for the purpose of resale in the United States;

2. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

3. One of the members of the conspiracy performed at least one overt act on or after July 16, 2017, for the purpose of carrying out the conspiracy.

### 3.3. Statutory Penalties

The maximum and minimum penalties applicable to the charges of conviction are as follows:

Count 1: Wildlife Trafficking Conspiracy, in violation of 18 U.S.C. § 371:

1) Imprisonment of not more than five years, with no mandatory minimum; or a term of probation of not less than one year nor more than five years;

2) A fine of not more than $250,000.00;

3) A mandatory special assessment of $100.00; and

4) Supervised release, after a sentence of incarceration, of not more than three years.

### 3.4. Other Matters Affecting Sentence

#### 3.4.1. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence:

1. Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date.

2. Upon violating any condition of supervised release or probation, a further term of imprisonment equal to the period of the supervised release or probation may be imposed, with no credit for the time already spent on supervised release or probation.

#### 3.4.2. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. A defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, may be denied citizenship, and may not be permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including denaturalization and removal from the United States.

**3.5. Restitution**

The Court will have sole discretion ultimately to determine if the defendant has liability for restitution.

**3.6. Fine**

The parties jointly recommend a fine of $4,000.00. The defendant may request that U.S. Probation agree to and monitor a payment plan.

**3.7. Forfeiture**

Forfeiture is not at issue in this case.

**3.8. Factual Basis**

The defendant admits the truth of the allegations in Count 1 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement, and the facts stated in the Indictment at Counts 1-6, to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

From on or about July 16, 2017, and continuing up to on or about August 16, 2018, JEROME ANTHONY STRINGFIELD ("STRINGFIELD") conspired with G.A.B. a citizen of the Republic of the Philippines, and a resident of Bacoor, Cavite, Luzon, Philippines to unlawfully purchase and ship for sale ocean corals in violation of the law of the Philippines and the United States. As part of the conspiracy, STRINGFIELD knew G.A.B. would unlawfully dive and collect, and would others to unlawfully dive and collect a variety of ordinary, precious, and semi-precious corals from Philippine coral reefs such as "*Chalices*", "*Cans*," "*Acans*", *Zoanthids* or "*Zoas*", *mushroom* or '*Shroom' corals*, and *Ricordea yuma*, also known as a '*yuma*' corals and other prohibited animal species

including but not limited to *Tridacna gigas*, otherwise known as a giant clam, considered an endangered species by the Philippine government, for the purpose of illegally selling the items for profit.

During and as part of the conspiracy, STRINGFIELD placed orders for corals with G.A.B. via Facebook Messenger and provided payment to G.A.B. via Western Union. Those communications and payments, from on or about July 16, 2017, and continuing through July 28, 2018, resulted in STRINGFIELD receiving five boxes from G.A.B., as shown below, that contained more than 490 coral fragments. STRINGFIELD paid several hundred United States dollars to G.A.B. for the purchase and importation of the corals smuggled into the United States knowing it was illegal:

| <u>Shipment Date</u> | <u>Corals</u> | Number of Bags of Coral <u>Fragments</u> | Items Declared/Value by <u>G.A.B.</u> |
|---|---|---|---|
| November 22, 2017 | Chalices, yumas and others | 107 | Plastic Items $30 |
| February 1, 2018 | Chalices, mushrooms and other unspecified corals | 103 | Plastic Toys/ Woman's Bag $32 |
| April 6, 2018 | Chalices and other unspecified corals | 92 | Plastic Items $25 |
| July 11, 2018 | Mushrooms and other unspecified corals | 98 | Plastic and steel $20 |
| July 26, 2018 | Unspecified corals | 92 | Children's Toy $1 |

Within the United States, STRINGFIELD intended to, and did, commercially sell the coral imported, purchased and received from unindicted co-conspirator G.A.B., through his marine aquatics businesses, *Florida's Finest Reefs, LLC*, in violation the laws of the Republic of the Philippines, Section 96 of the Republic of the Philippines Fisheries Code, Ban on Coral Exploitation and Exportation, and in violation of the Lacey Act. Further the collection of the corals was not for scientific or research purposes. Most of the corals shipped, due to the method of shipment designed to conceal the illegal contents, died en route or shortly thereafter upon travel from the Philippines, through Alaska, to their destination.

In shipping and imported the boxes of corals without detection by U.S. Customs and Border Protection, G.A.B. marked the boxes containing the coral fragments using false and fictitious customs declaration labels, concealing the true nature of the illegally shipped corals, by falsely claiming the packages contained gifts, toys and other items, in violation of the Lacey Act.

STRINGFIELD was aware of that G.A.B. falsely labelled/mislabeled each shipment for the shipments to avoid detection by inspection authorities. STRINGFIELD also knew G.A.B. was shipping the corals illegally out of the Philippines in violation of Philippine law.

The parties agree that the Court may rely upon this statement to determine whether there is a factual basis to support the guilty plea, to determine the relevant conduct applicable for purposes of the United States Sentencing Guidelines, and to evaluate the

proper sentence under the criteria set forth in 18 U.S.C. § 3553(a).

# 4. The United States Sentencing Guidelines, Guideline Application Agreements, and Sentencing Recommendations

## 4.1. Advisory U.S. Sentencing Guidelines

The defendant acknowledges that the Court will consult the advisory United States Sentencing Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The Guidelines do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The Guidelines are not mandatory and the Court is not bound to impose a sentence recommended by the Guidelines.

## 4.2. Guideline Application Agreements

All agreements regarding Guidelines applications are set out in this section.

### 4.2.1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility—including by inappropriately seeking to delay sentencing—the United States will not make or, if already made will withdraw, this recommendation and motion.

### 4.3. Sentencing Recommendations

The United States Probation Office will prepare the defendant's presentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the Guidelines calculation in the presentence report, and to present evidence in support of their respective sentencing arguments.

The parties agree that a sentence of 24 months of probation, including six months of home detention with a condition allowing work release, is an appropriate disposition for this case, and intend to be bound by that recommendation.

The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on any relevant criteria, including the stipulated facts set forth in Section 4, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553.

The defendant acknowledges that the United States is obligated to provide the Court with truthful and relevant information that may inform the sentencing decision, and that doing so will not entitle him/her to rescission of this agreement so long as the United States does, in fact, recommend a sentence that is not inconsistent with this agreement.

### 5. Additional Agreements by the United States

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not criminally prosecute the defendant further for any other offense now known arising out of

U.S. v. STRINGFIELD
3:22-cr-00031-SLG-MMS

the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth above.

However, if the defendant's guilty plea or sentence is rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case notwithstanding any term of this agreement, to include any charges dismissed thereof. The United States shall be entitled to the automatic reinstatement of any such dismissed charges. As an express term of this agreement, the defendant hereby agrees that to waive any defense that the statute of limitations bars the prosecution of such a reinstated charge.

**6. Additional Agreements by the Defendant**

**6.1. Waiver of Trial Rights**

By entering into this agreement, the defendant intentionally and voluntarily waives the following trial rights:

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty

unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have counsel appointed at public expense to represent the defendant at trial;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

### 6.2. Waiver of Appellate Rights

The defendant waives the right to appeal any conviction for any of the charges set forth in this agreement. The defendant further waives the right to appeal any sentence imposed pursuant to this agreement, except on the grounds that the sentence exceeds the maximum term authorized by statute. The defendant understands that this waiver includes, but is not limited to, the length of any term of imprisonment; forfeiture (if applicable); length, terms, or conditions of probation or supervised release (if applicable); any fines or restitution; and any and all constitutional or legal challenges to any conviction or guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support a plea of guilty.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement.

### 6.3. Waiver of Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack any conviction or sentence imposed pursuant to plea agreement, or any portion thereof, including the length of any term of imprisonment; forfeiture (if applicable); length, terms, or conditions of probation or supervised release (if applicable); any fines or restitution; and any and all constitutional or legal challenges to any conviction or guilty plea. The only exceptions to this collateral attack waiver are: a challenge to the conviction or sentence alleging ineffective assistance of counsel, based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; or a challenge to the voluntariness of the defendant's guilty plea. The scope of this waiver applies to a collateral attack brought in any procedural vehicle, including but not limited to a challenge brought pursuant to 28 U.S.C. § 2241 or § 2255. The filing of such a challenge shall constitute a material breach of this agreement.

### 6.4. Waiver of Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement. The defendant agrees that the statements made in signing this agreement shall be deemed usable and admissible in any subsequent proceeding, regardless of whether the plea agreement or any other portion thereof is subsequently withdrawn or rescinded. The foregoing provision acts as a modification and express waiver of the provisions of Fed. R. of Evid. 410 and Fed. R. Crim. P. 11(f), and is effective upon

U.S. v. STRINGFIELD
3:22-cr-00031-SLG-MMS

Page 12 of 19

the defendant's in-court admission to the factual basis. The sole exception to this waiver occurs if the defendant or the government withdraws from this agreement because the District Court judge rejects the plea agreement.

### 6.5. Consent to Plea Before Magistrate Judge

The defendant has the right to enter a plea before a United States District Judge. The defendant, defense counsel, and the attorney for the Government consent to have the defendant's plea taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections (if any) to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case..

### 6.6. Agreement to be Sentenced Within 120 days of Entering a Plea

The defendant agrees to be sentenced within 120 days of appearing before the Court to enter a guilty plea. The defendant acknowledges that if he/she seeks to delay sentencing past that time without the prior consent of the United States, this conduct will be considered inconsistent with acceptance of responsibility and will forfeit any entitlement to a Guidelines reduction for acceptance of responsibility. The United States acknowledges that a delay beyond 120 in sentencing attributable to the Court, the government, or other factors beyond the defendant's control will not be considered inconsistent with acceptance of responsibility.

U.S. v. STRINGFIELD
3:22-cr-00031-SLG-MMS

Page 13 of 19

### 6.7. Payment of Monetary Penalties and Cooperation with Financial Investigation

The defendant agrees that any monetary penalties imposed (including any fine, forfeiture, restitution, or assessment) will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 upon entry of judgment. The defendant acknowledges that any monetary penalties or forfeiture money judgment will be submitted to the Treasury Offset Program so that payments to the defendant may be applied to federal debts.

Within 30 days of the entry of the guilty plea in court, the defendant agrees to truthfully complete under penalty of perjury a financial statement provided by the United States Attorney's Office, and to update the statement within 7 days of any material change. The defendant further agrees to make full disclosure of all current and projected assets to the U.S. Probation Office before imposition of sentence and again before termination of supervised release or probation, such disclosures to be shared with the United States Attorney's Office.

### 6.8. Prior to Pleading Guilty, Defendant will publish this Public Service Announcement

As a condition of his Plea Agreement, the Defendant will prominently publish the following notice on his Facebook page, and the Court will, as a condition of probation, order the Defendant not to remove the notice for 12 months, with time measured from the date of imposition of sentence. The Defendant will provide to the U.S. Attorney's office proof of publication prior to pleading guilty. Failure to fulfill this condition will constate a material violation of this Plea Agreement.

# DON'T IMPORT ILLEGAL CORAL

I paid a man in the Philippines hundreds of dollars to smuggle me hard corals over many months. The U.S. Fish & Wildlife Service intercepted the packages. The U.S. Attorney's Office in Alaska charged me with Wildlife Trafficking Conspiracy in violation of the Lacey Act, which makes it a federal crime to illegally buy and import hard corals from the Philippines for sale in the United States. I have pleaded guilty for this crime because I did the things the government said I had done.

I paid a man in the Philippines hundreds of dollars to smuggle me hard corals over many months. The U.S. Fish & Wildlife Service intercepted the packages. The U.S. Attorney's Office in Alaska charged me with Wildlife Trafficking Conspiracy in violation of the Lacey Act, which makes it a federal crime to illegally buy and import hard corals from the Philippines for sale in the United States. I have pleaded guilty for this crime because I did the things the government said I had done.

One of the conditions of my sentence is to publish this announcement. Wild corals are critically important to marine and seaside communities alike and reefs are threatened by illegal harvesting for commercialization. Don't illegally import corals and confirm that your corals are legally collected. Illegally harvesting coral for sale contributes to their extinction while harming the marine and shoreside ecosystems. For more information, see: https://www.fws.gov/international/animals/coral.html

**6.9. Breach and Other Circumstances Entitling the Government to Relief**

The defendant acknowledges that, if the United States demonstrates by a preponderance of the evidence that he/she has failed in material way to perform any obligation set out in this agreement, the United States is entitled, at its option, to recission of this agreement. This entitlement supplements, and does not replace, any other form of relief that the United States might be entitled to in the event of a breach, to include any other specific remedy set out under the terms of this plea agreement. The defendant acknowledges if the plea agreement is rescinded, the defendant's admission to the factual basis will be admissible against the defendant as specific in Section 7.4 of this agreement.

**7. The Parties' Acceptance of this Agreement**

I, JEROME ANTHONY STRINGFIELD, the defendant in this case, affirm this document contains all of the agreements made between me (with the assistance of my attorney) and the United States regarding my guilty plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I appear to enter my plea.

I enter into this agreement voluntarily, with the intent to be bound, and with a full

understanding that the concessions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill my obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand and agree that the government's burden to prove a breach will be by a preponderance of the evidence.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter a guilty plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges contained in the Indictment. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the

**NOTICE**

**The following two signature pages contain the incorrect case number.**

statutes applicable to my offense and sentence as well as the possible effect the Guidelines may have on my sentence. However, I understand that my attorney cannot guarantee any particular sentence except as set out herein, and I expressly acknowledge that my decision to plead guilty is not based on a belief that I am certain to receive a particular sentence that is not set out in this agreement.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Wildlife Trafficking Conspiracy, in violation of 18 U.S.C. § 371, as charged in Count 1 of the Indictment.

DATED: 08-08-24

JEROME ANTHONY STRINGFIELD
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 8/15/2024

Phillip Weidner
Attorney for Jerome Anthony STRINGFIELD

On behalf of the United States, I accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 20 August 2024

S. LANE TUCKER
United States Attorney

/s Morgan J. Walker
MORGAN J. WALKER
Assistant United States Attorney
United States of America

U.S. v. STRINGFIELD
3:22-cr-0030-SLG-MMS

Page 19 of 19