S. LANE TUCKER
United States Attorney

MORGAN J. WALKER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: morgan.walker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEROME ANTHONY STRINGFIELD,<br><br>Defendant. | No. 3:22-cr-00031-SLG-MMS |

## SENTENCING MEMORANDUM

The United States recommends imposition of the following sentence:

**PROBATION** ...................................................................................**24 MONTHS**
**HOME DETENTION WITH WORK RELEASE** ...............................**6 MONTHS**
**SPECIAL ASSESSMENT**............................................................................**$100**
**RESTITUTION** ......................................................................**UNDETERMINED**
**FINE**.................................................................................................. **$4,000.00**

## FACTS

For approximately 13 months, from 2017 until 2018, the Defendant, JEROME

ANTHONY STRINGFIELD ("STRINGFIELD") conspired with G.A.B., a citizen of the

Republic of the Philippines, and a resident of Bacoor, Cavite, Luzon, Philippines, to unlawfully purchase and ship for sale ocean corals in violation of the law of the Philippines and the United States. As part of the conspiracy, STRINGFIELD knew G.A.B. would unlawfully dive and collect, and would pay others to unlawfully dive and collect a variety of ordinary, precious, and semi-precious corals from Philippine coral reefs such as "*Chalices*", "*Cans*," "*Acans*", *Zoanthids* or "*Zoas*", *mushroom* or '*Shroom' corals*, and *Ricordea yuma*, also known as a '*yuma*' corals and other prohibited animal species including but not limited to *Tridacna gigas*, otherwise known as a giant clam, considered an endangered species by the Philippine government, for the purpose of illegally selling the items for profit.

During and as part of the conspiracy, STRINGFIELD placed orders for corals with G.A.B. via Facebook Messenger and provided payment to G.A.B. via Western Union. Those communications and payments resulted in STRINGFIELD receiving five boxes from G.A.B., as shown below, that contained more than 490 coral fragments. STRINGFIELD paid several hundred United States dollars to G.A.B. for the purchase and importation of the corals smuggled into the United States knowing it was illegal:

| Shipment Date | Corals | Number of Bags of Coral Fragments | Items Declared/Value by G.A.B. |
|---|---|---|---|
| November 22, 2017 | Chalices, yumas and others | 107 | Plastic Items $30 |
| February 1, 2018 | Chalices, mushrooms and other unspecified corals | 103 | Plastic Toys/ Woman's Bag $32 |

U.S. v. STRINGFIELD
3:22-cr-00031-SLG-MMS

| April 6, 2018 | Chalices and other unspecified corals | 92 | Plastic Items $25 |
| July 11, 2018 | Mushrooms and other unspecified corals | 98 | Plastic and steel $20 |
| July 26, 2018 | Unspecified corals | 92 | Children's Toy $1 |

STRINGFIELD intended and did commercially sell the coral imported, purchased and received from unindicted co-conspirator G.A.B. through his marine aquatics businesses, *Florida's Finest Reefs, LLC*, in violation the laws of the Republic of the Philippines, Section 96 of the Republic of the Philippines Fisheries Code, Ban on Coral Exploitation and Exportation, and in violation of the Lacey Act. Further the collection of the corals was not for scientific or research purposes. Most of the corals shipped, due to the method of shipment designed to conceal the illegal contents, died en route or shortly thereafter upon travel from the Philippines, through Alaska, to their destination.

In shipping and imported the boxes of corals without detection by U.S. Customs and Border Protection, G.A.B. marked the boxes containing the coral fragments using false and fictitious customs declaration labels, concealing the true nature of the illegally shipped corals, by falsely claiming the packages contained gifts, toys and other items, in violation of the Lacey Act. STRINGFIELD was aware of that G.A.B. falsely labelled/mislabeled each shipment for the shipments to avoid detection by inspection authorities. STRINGFIELD also knew G.A.B. was shipping the corals illegally out of the Philippines in violation of Philippines law.

//

U.S. v. STRINGFIELD
3:22-cr-00031-SLG-MMS

Page 3 of 6

# GUIDELINES CALCULATION

The final PSR calculates a total offense level of 8, and criminal history category of I, corresponding to a guideline range of zero to six months. The Government concurs with this calculation.

# STATUTORY CRITERIA AND RECOMMENDED SENTENCE

**1. Nature and circumstances of the offense**

The Defendant's offenses, along with those of other similarly-situated defendants in this investigation, undermined American and international efforts to preserve endangered species and habitat.

**2. History and characteristics of the defendant**

The Defendant has one prior conviction, from 2019, for selling coral without a license, referred to as the "state coral offense."[1] The offense date in that case was January 11, 2019, which is outside the offense dates of the matter before the Court, i.e. July 2017 through August 2018. The Defendant was not indicted in this matter until April 2022.

Therefore, it appears that the Defendant committed the state coral offenses before he became aware that he was a target in the federal investigation.

The Defendant's ongoing similar conduct illustrates the importance of cooperation among federal and international law enforcement partners to investigate and prosecute transnational crime.

---

[1] Dkt. 30

### 3. The seriousness of the offense and just punishment

The severity of the Defendant's conduct was within the middle range of offenses committed by other defendants who reached felony plea agreements regarding the same overall investigation.[2]

### 4. Adequate deterrence

The Defendant's apparent motivation was financial gain. Coral collectors will spend considerable sums to posses corals that command high prices due to their contraband status. As with any sought-after illegal commodity, prosecution alone will not undermine demand.

### 5. Protection of the public from further crimes

The Government respectfully submits that probation supervision is the best available tool to protect the public, and its interest in protecting the global natural environment, from crimes committed by the Defendant.

### 6. Avoidance of unwarranted disparities

The proposed resolution is consistent with the sentences imposed regarding other similarly situated defendants who reached felony plea agreements stemming from the same overall investigation.[3]

### 7. Sentencing recommendation

The Government respectfully submits that the proposed sentenced, which is consistent with the Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), is appropriate.

---

[2] See PSR at page 3
[3] See PSR at page 3

## CONCLUSION

The Government respectfully recommends the Court impose the jointly-recommended sentence described in the Plea Agreement.[4]

RESPECTFULLY SUBMITTED December 2, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s Morgan J. Walker
MORGAN J. WALKER
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Morgan J. Walker

---

[4] Dkt. 49

U.S. v. STRINGFIELD
3:22-cr-00031-SLG-MMS